# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen - Member
Direct E-Mail Address: jamiefelsen@mllaborlaw.com
Direct Dial: (516) 303-1391

<u>Via ECF</u>

November 16, 2020

Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Castillo v. Plaza Motors of Brooklyn, Inc. *et al.*
     Civil Case No.: 20-4337 (NGG) (PK)
     MLLG File No.: 121-20

Dear Judge Garaufis:

This firm represents the Defendants in the above-referenced matter.

Pursuant to the Court's individual rules, Defendants respectfully request (1) a pre-motion conference regarding their intention on filing a motion to compel arbitration; (2) a stay of discovery pending the decision on the anticipated motion to compel arbitration; and (3) an extension of time to respond to the Complaint (if necessary) until after a decision is entered on the instant anticipated motion.

During her employment with defendant, Plaza Motors of Brooklyn, Inc., Plaintiff entered into an agreement with Plaza Motors of Brooklyn, Inc. wherein she agreed to arbitrate all disputes she had concerning her employment with Plaza Motors of Brooklyn, Inc. pursuant to the Federal Arbitration Act ("FAA"). All of Plaintiff's claims asserted in the instant action relate to her employment and are covered by the arbitration agreement.

Based on communications with Plaintiff regarding her obligation to arbitrate her claims, it is anticipated that Plaintiff will argue that amendments to C.P.L.R. § 7515 in 2018 prohibiting employers from requiring individuals to arbitrate sexual harassment claims precludes arbitration of Plaintiff's sexual harassment claims. Plaintiff is wrong as the FAA preempts C.P.L.R. § 7515. See <u>White v WeWork Cos., Inc.</u>, 2020 U.S. Dist. LEXIS 102354 (S.D.N.Y. June 11, 2020); <u>Latif v Morgan Stanley & Co. LLC</u>, 2019 U.S. Dist. LEXIS 107020 (S.D.N.Y. June 26, 2019); <u>Fuller v. Uber Tech. Inc.</u>, 2020 NY Slip Op 33188(U) (Sup. Ct., N.Y. County. Sept. 25, 2020); <u>Ricketts</u>

Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court Eastern District of New York
November 16, 2020
Page 2 of 2

v Natl. Debt Relief Llc & Stephen Nazario, 2019 N.Y. Misc. LEXIS 11437 (Sup. Ct., Bronx County Oct. 4, 2019).

Therefore, after the passage of the amendments to C.P.L.R. § 7515, courts have continued to routinely compel parties to arbitrate discrimination claims where an arbitration agreement requires the discrimination claims to be arbitrated.  See Galli v PriceWaterhouseCoopers LLP, 2020 U.S. Dist. LEXIS 144513 (S.D.N.Y. Aug. 12, 2020); King v Stage 29 Prods., LLC, 2020 U.S. Dist. LEXIS 116073 (S.D.N.Y. July 1, 2020); Ward v Ernst & Young U.S. LLP, 2020 U.S. Dist. LEXIS 110252 (S.D.N.Y. June 23, 2020); Randle v Conduent Inc., 2020 U.S. Dist. LEXIS 68162 (W.D.N.Y. Apr. 17, 2020); Fenton v Criterion Worldwide, 2020 U.S. Dist. LEXIS 54403 (S.D.N.Y. Mar. 27, 2020); Chen-Oster v Goldman, Sachs & Co., 2020 U.S. Dist. LEXIS 53302 (S.D.N.Y. Mar. 26, 2020); Havens v Hartford Fin. Servs. Group, 2020 U.S. Dist. LEXIS 45083 (S.D.N.Y. Mar. 13, 2020); Ahmed v Citibank, N.A., 2020 U.S. Dist. LEXIS 99699 (E.D.N.Y. June 2, 2020); Chang v United Healthcare, 2020 U.S. Dist. LEXIS 40457 (S.D.N.Y. Mar. 9, 2020).

Based on communications with Plaintiff, it is also anticipated that she will argue that the FAA does not apply because the alleged conduct occurred in Plaza Motors of Brooklyn, Inc.'s New York office and did not implicate interstate commerce.  However, this argument is based on a fundamental misunderstanding of the FAA.  Indeed, the FAA does not require an analysis of whether the underlying dispute involves interstate commerce.  As the U.S. Supreme Court held "[e]mployment contracts, except for those covering workers engaged in transportation, are covered by the FAA." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 (2002); see also Circuit City Stores, 532 U.S. at 113–116 (holding that except for employment contracts of seamen, railroad employees, and other transport workers, employment agreements containing arbitration provisions are covered by the FAA).  Therefore, where, as here, a contract between an employee (whose job does not involve transportation) and employer requires the arbitration of disputes, the FAA requires courts to enforce such contracts.

Accordingly, Defendants respectfully request (1) a pre-motion conference regarding their intention on filing a motion to compel arbitration; (2) a stay of discovery pending the decision on the anticipated motion to compel arbitration; and (3) an extension of time to respond to the Complaint until after a decision is entered on the instant anticipated motion.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen

cc:   Counsel of Record (via ECF)
      Client (via e-mail)