# EXHIBIT "B"



**SHALOM LAW**
PLLC
ATTORNEYS & COUNSELORS AT LAW

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

<u>**VIA EMAIL (NEWYFAXENF@EEOC.GOV)**</u>

June 25, 2020

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
33 WHITEHALL STREET
NEW YORK, NY 10004

Equal Employment Opportunity Commission
NY District Office
Received June 26, 2020

<u>**Attn: Federal Investigator**</u>

Re: <u>*Cely Castillo v. Plaza Motors of Brooklyn, Inc., John Rosatti, Adam Rosatti, and Luis Simeoli.*</u>

Plaintiff, CELY CASTILLO, (hereinafter "Plaintiff" or "Ms. Castillo"), by and through her attorneys, SHALOM LAW, PLLC., is hereby complaining of Defendants, PLAZA MOTORS OF BROOKLYN, INC. (hereinafter, "Plaza"), JOHN ROSATTI, ADAM ROSATTI, and LUIS SIMEOLI (hereinafter "Mr. Simeoli"), (collectively hereinafter "Defendants") for violations of the New York State Human Rights Law (NYSHRL) (N.Y. Exec. §§ 290 to 301); and the New York City Human Rights Law (NYCHRL) (N.Y.C. Admin. Code §§ 8-101 to 8-703). Plaintiff is seeking damages to redress the injuries she suffered as a result of sex-based discrimination in the workplace and a hostile work environment resulting from the egregious sexual harassment of Mr. Simeoli. Plaintiff further complains of retaliation for exercising her statutory rights and complaining of the discrimination and sexual harassment.

<u>**SUPPLEMENTAL STATEMENT OF FACTS**</u>

1. Plaintiff was and is a resident of the State of New York, County of Brooklyn.

2. That at all times relevant, Plaintiff was hired and employed as a Lease Return Manager for Defendant Plaza at the "Plaza Auto Mall" location, located at 2740 Nostrand Ave, Brooklyn, New York 11210.

3. Plaintiff's "sex" is female, which is protected from discrimination and retaliation by the NYSHRL § 292.

4. Plaintiff's "sex" is also protected from discrimination and retaliation within the meaning of the NYCHRL § 8-102.

5. Defendant PLAZA MOTORS OF BROOKLYN, INC., is a for-profit entity duly organized and operating in the State of New York.

6. At all time herein relevant, Defendant REGUS MANAGEMENT GROUP, LLC was an employer within the meaning of the New York State and New York City Human Rights Laws.

7. Plaintiff was initially hired by Defendant Plaza as a full-time Receptionist on April 27, 2013.

8. In her seven years working for Plaza, Plaintiff climbed the tiers of jobs to eventually become a Lease Return Manager, a position she held at all times herein relevant.

9. At all times herein relevant, Plaintiff was a stellar employee during her employment at Defendant Plaza's "Plaza Auto Mall" location.

10. At all times herein relevant, Plaintiff satisfactorily performed her duties and responsibilities during her employment with Defendant Plaza.

11. Upon information and belief, Plaintiff's work performance was above average, as she met her monthly sales goals month after month during her employment with Defendant Plaza, up until the Defendants' discriminatory conduct.

12. That at all times herein relevant, during Plaintiff's employment with Defendants, Plaintiff had no sort of consensual sexual relationship with her coworker and Used Car Manager for Plaza, Defendant Luis Simeoli ("Mr. Simeoli).

13. At all times herein relevant, Plaintiff had a significant other who was not Mr. Simeoli.

14. Further, at all times herein relevant, Mr. Simeoli had a significant other who was not Ms. Castillo.

15. However, despite both Plaintiff and Mr. Simeoli having significant others, Plaintiff became the target of an egregious discriminatory scheme of sexual harassment by Mr. Simeoli.

16. At all times herein relevant during Mr. Simeoli's scheme of harassment, Plaintiff's superiors at Plaza were Defendants Mr. Adam Rosatti and Mr. John Rosatti.

17. Despite the Rosattis' supervisory role over Plaintiff, neither of these Defendants stepped in to stop Mr. Simeoli's sexual harassment. Instead, the Rosattis were continuously complicit in the harassment, and even at times actively participated in furthering the harassment.

18. For years of her employment with Defendants, Plaintiff was consistently subjected to a hostile work environment due to Defendant Mr. Simeoli's constant, unreprimanded sexual harassment

19. Specifically, Plaintiff was subjected to flagrant sexual comments and actions by Defendant Mr. Simeoli, including **inappropriate grabbing and touching in the workplace at Plaza, sexual comments at Plaza about Plaintiff's body, and texts containing nonconsensual photographs of Mr. Simeoli's naked penis and unsolicited descriptions of the sexual acts Mr. Simeoli wanted to perform on Plaintiff.**

20. Plaintiff attempted to place a stop to such discriminatory conduct on her own by repeatedly begging Mr. Simeoli to stop harassing her, calling his conduct inappropriate and pointing out that they both had significant others.

21. However, Mr. Simeoli refused to reign in his harassment, and instead informed Plaintiff that he could not, and would not, stop sexually harassing her because **he could not resist her.**

22. Although Plaintiff asked Mr. Simeoli to stop harassing her on multiple occasions, the unwanted sexual comments and actions persisted.

23. Finally, in August of 2019, Plaintiff received a text from Plaza Executive Assistant Cathy D'Gieogio asking Plaintiff to come to a meeting with Mr. Simeoli's girlfriend and Ms. Vera Nuhi ("Ms. Nuhi") of Plaza's Human Resources ("HR") Department.

24. In this meeting, Plaintiff finally reported Mr. Simeoli's egregious sexual harassment to Ms. Nuhi. Unfortunately, however, Ms. Nuhi only responded to Plaintiff's complaint by **reprimanding her** and telling her **"to stay away from [Mr. Simeoli]."**

25. Upon information and belief, Defendants failed to take any action against Defendant Mr. Simeoli to address the situation or to reprimand him for his conduct.

26. Instead, Defendants ignored Plaintiff's complaint and punished her with a pay cut just days after she raised her concerns about Mr. Simeoli's harassment.

27. Defendants were aware of Mr. Simeoli's egregious sexual conduct that was occurring at the workplace but failed to address and deliberately turned a blind eye.

28. As if that was not enough, on or about May 19, 2020, after Plaintiff had already endured a pay cut and had struggled to make ends meet since the arrival of COVID-19, Plaintiff contacted Defendants to request fairer pay.

29. Despite her good faith effort to receive better pay, Plaintiff was again shut down by the Defendants and was thus constructively and wrongfully terminated.

30. Upon information and belief, Plaza intentionally ignored the hostile work environment created by Mr. Simeoli's sexual harassment, and instead orchestrated a course of discrimination and retaliation against Plaintiff to force her out of her job at Plaza.

31. In so doing, Defendants engaged in conduct that will very likely thwart other employees from making complaints of discrimination or sexual harassment to HR for fear of retaliation such as Plaintiff was subjected to.

32. Plaintiff has been unlawfully discriminated against, sexually harassed, humiliated, degraded, and retaliated against in Defendants workplace.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

34. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

35. Under information and belief, Defendants' actions and conduct were intentional and intended to harm Plaintiff.

36. As Defendants conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount, which exceeds the jurisdictional limits of all lower Courts.

37. Furthermore, when Plaintiff sought to remedy her claims in an informal setting with Defendants' counsel, she was unfortunately met only with hostility from Defendants' counsel. Defendants' counsel responded to Plaintiff's good faith attempt at resolving her claims by making wild accusations that her claims were frivolous and her relationship with Mr. Simeoli was indeed a consensual sexual relationship, despite all evidence to the contrary.

38. Accordingly, Plaintiff also requests attorney's fees, costs, disbursements, and expenses incurred in the prosecution of this action.

39. Finally, Plaintiff also requests such other relief as the Court may deem just and proper to remedy Defendants' unlawful employment practices.

**SHALOM LAW, PLLC**

/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375
(718) 971-9474
***ATTORNEYS FOR PLAINTIFF***



**SHALOM | LAW**
PLLC
ATTORNEYS & COUNSELORS · AT · LAW

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

***<u>CONFIDENTIAL COMMUNICATION</u>***

<u>**VIA EMAIL (ADAM@PLAZACARS.COM)**</u>

June 5, 2020

PLAZA MOTORS OF BROOKLYN, INC.
2740 NOSTRAND AVE
BROOKLYN, NEW YORK 11210

**Attn:** Adam Rosatti

**Re:** <u>***Cely Castillo v. Plaza Motors of Brooklyn, Inc., John Rosatti, Adam Rosatti and Luis Simeoli.***</u>

Mr. Rosatti:

   We have been retained to represent the interests of Cely Castillo (hereinafter "Ms. Castillo")- your former Lease Return Manager and employee. Ms. Castillo has relayed to us a series of facts and showed us a number of handwritten notes and text messages that indicate that multiple employment laws were violated and that Ms. Castillo was a victim of sexual harassment during her period of employment with Plaza Motors of Brooklyn, Inc., (hereinafter "Plaza Auto Mall").

   We have evidence in our possession that establishes that during her employment with Plaza Auto Mall, Ms. Castillo was subjected to severe and repetitious sexual harassment from her co-worker and <u>manager</u>, Luis Simeoli. We have proof that on an almost <u>*daily*</u> basis, Mr. Simeoli sexually harassed Ms. Castillo with highly inappropriate sexual conduct and behavior, including **explicit comments about touching his penis while "thinking of [her]," invasive, nonconsensual conduct like grabbing and squeezing Ms. Castillo's butt in the workplace,** (*see* Exhibit A), and sending Ms. Castillo <u>**unsolicited pictures of his naked penis,**</u> (*see* Exhibit B). Ms. Castillo <u>repeatedly</u> begged Mr. Simeoli to stop harasssing her with this sexual behavior, **but he refused,** despite her pleading – **and despite the fact that he had a girlfriend.**

   To make matters worse, we have evidence that when Mr. Simeoli's conduct was discovered by Plaza Auto Mall and others at the workplace, including Mr. Adam Rosatti and Ms. Soraya Janner, however, it was <u>Ms. Castillo</u> who was punished and retaliated against. Instead of protecting Ms. Castillo from her harasser, we have evidence that Plaza Auto Mall and its agents and employees instead **retailaited against** Ms. Castillo by cutting her salary, warning <u>her</u> to **"stay away from [Mr. Simeoli],"** and threatening to terminate her if the issues between she and Mr. Simeoli continued. However, Mr. Simeoli



**ATTORNEYS & COUNSELORS · AT · LAW**

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

was never reprimanded by anyone at Plaza Auto Mall, so thereafter, Mr. Simeoli's sexual harassment continued, although the victimized Ms. Castillo had no means of recourse to put an end to it.

The unlawful conduct perpetuated by Plaza Auto Mall, Mr. Adam Rosatti and its agents and employees, was eggreious, and has substantially damaged Ms. Castillo mentally, emotionally, physically and monetarily.

We are hopeful that we can resolve this matter through an amicable resolution of these claims that we intend to pursue on Ms. Castillo's behalf. . In this regard, we are herewith offering to settle any and all claims, allegations, and disputes arising during our client's employment and separation thereof with Plaza Auto Mall for a gross settlement payment of two hundred and fifty thousand ($250,000.00). If you are interested in a <u>non-public</u>, pre-litigation resolution you are encouraged to have counsel contact us within the next 7 days. If we do not hear from you within 7 days from today we will pursue all available remedies on Ms. Castillo's behalf without further notice. We remind you that Ms. Castillo is formally retained by our firm and that all future communication shall be directed to our attention.

In the meantime, please take all reasonable steps to preserve and retain all hard copy and electronically stored information (<u>including metadata</u>). This communication is written without waiver of or prejudice to our client's rights or remedies, all of which are expressly reserved.

We look forward to resolving this matter expeditiously.

Sincerely yours,

*/s/Jonathan Shalom*

Jonathan Shalom, Esq.
**SHALOM LAW, PLLC.**
105-13 Metropolitan Avenue
Forest Hills, NY 11375
(718) 971-9474
Jshalom@JonathanShalomLaw.com
**ATTORNEYS FOR PLAINTIFF**



**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

> Luis pls no me vuelvas agarrar las pompis y menos en el trabajo

> Y si Adama ve esa cámara y yo pierdo mi trabajo

Ok es que no puedo resistirme

They are to much

Lol

# Exhibit A



**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

Spanish - detected ▾          ⇄          English ▾

Luis pls no me
vuelvas agarrar
las pompis, y
menos en el
trabajo
Y si Adama ve
esa camara y yo
pierdo mi trabajo

Ok es que no
puedo resitirme
They are to much
Lol

✕  Luis pls do not turn to
grab my booties, and
less at work
And if Adama sees
that camera and I lose
my job

Ok i can't resist
They are to much
LOL

# Exhibit A - translated





# Exhibit B



**SHALOM | LAW**
PLLC

ATTORNEYS & COUNSELORS AT LAW

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

About 000,000,000 results (0.44 seconds)

Spanish - detected ▾          ⇄          English ▾

Te gusta tu          ✕   Do you like your
salami ?                   salami?

🔊   🎤                              🔊   🗐

Open in Google Translate                        Feedback

# Exhibit B - translated



**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375



# Exhibit C



**SHALOM | LAW** PLLC

ATTORNEYS & COUNSELORS · AT · LAW

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

| | |
|---|---|
| cuando me vas a dar mi regalo de cumple | when are you going to give me my birthday present |
| alistadonme para ir para alla | get ready to go there |
| Luis yo te he dicho k respeto a Phil ... yo no soy de esas k desafinan asi ... tu me conoces desde hace anos y lo sabes. | Luis, I have told you respect for Phil ... I am not one of those people who are out of tune like that ... you have known me for years and you know it. |
| wao que rebote pero ma el persevera triunfa esa boquita me la como yo antes de morirme lol please recaurdete de stock todos los carros que compraste y de mandar de odo a toyota | wao bounce but he perseveres triumphs That little mouth I eat before I die LOL please recall stock all the cars you bought and send odo to toyota |

# Exhibit C - translated



**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375



# Exhibit D



**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

si no me vas a
contar las cosas
como es no
puedo ayudarte
si escuchando las
muerda de todo el
mundo entonces

hi
si puedes me
llamas

que decanses
de verdad no me
gusta que te
preocupes por
nada aunque
nunca hemos
estado juntos
siempre estoy
pensandote

y pendiente de ti

muchos besos y
que descanses

If you are not going to
tell me how it is, I
cannot help you
if listening to the bites
of everyone then

hi
if you can call me

what do you think
I really don't like you
worrying about
anything even though
we've never been
together I'm always
thinking of you

and pending you

many kisses and rest

# Exhibit D - translated