# EXHIBIT "B"

  

Cely Castillo
Lease Return Manager
Effective: ~~November 25, 2019~~ Dec 9, 2019 AR

This Agreement sets forth how wages, commissions and other monies are earned and paid during employment and upon the termination of employment. This Agreement does not create an employment contract between you and the dealership. As described in more detail throughout this pay plan, you will receive compensation primarily through either a salary or commissions or a combination of both based on the following related to your production. However, you will always be paid the requisite minimum wage.

1. **Base Weekly Salary:** You shall be paid on a weekly basis of $600.00 salary, payable in accordance with the Company's payroll policy.
2. **Commissions:**

   *Monthly Bonus for Lease Return Buyouts:*

   | | |
   |---|---|
   | 0-9 units | $50.00 per car |
   | 10-19 units | $75.00 per car |
   | 20+ units | $100.00 per car |

   Each unit must be approved by a Used Car Manager. In addition, you will receive $150.00 flat for any car you sell.

3. **Demo allowance:**
   Monthly Demo Allowance in the amount of $200.00

**Notes:**
Reconciliation of commissions will be done on a monthly basis. Adjustments to the Salesperson's compensation will be made no later than the end of the pay period following the period in which the commission was earned. Upon termination of employment, compensation shall be limited to actual deliveries as of that date. All commissions will be held for one month in order to reconcile all monies.

- **TIME RECORDS**

Because you considered commissioned employee of a service establishment, you are considered exempt from overtime. However, you are required to punch in and out daily at the beginning of each shift, at the start and finish of meal breaks, and at the end of each shift.

- **COMPLETE AGREEMENT**

This agreement is the total pay package and no further payments are anticipated or expected. The Dealership reserves the right to amend or terminate this compensation plan and/or rate at any time without notice at its sole discretion. No changes to the pay plan will be effective unless in writing and signed by the General Manager. No oral representations contrary to this pay plan are binding.

- **PAY PERIOD**

Your wages, salary, commissions and all other monies earned or payable in accordance with the terms of this pay plan, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned your pay plan has many components some that are payable weekly and others that are paid monthly as such your pay period is considered on a calendar month.

- **CHANGES**

If the dealership decides, pursuant to its legal right to do so, to amend or terminate this plan, then any commissions/bonuses earned prior to amendment or termination of plan will be paid net of outstanding draws, if applicable, on the next scheduled payroll disbursement date.

- **AT-WILL STATUS**

I understand that nothing in this pay plan creates or is intended to create a promise of continued employment and that my employment, position, and compensation is for no definite period, regardless of payment of wages. I have

Page 1 | 3

  

the right to terminate my employment at any time with or without notice, and the Dealership has a similar right. I further understand that my status as an "at-will" employee may not be changed except in writing signed by the President of Plaza Auto Mall.

- **OVERPAYMENTS AND ADJUSTMENTS TO THE FINANCIAL STATEMENT**

In the event that you are paid more than is called for under this pay plan, we reserve the right to deduct such amounts from any future compensation due under this plan. Similarly, from time to time, we make adjustments to our financial statements in accordance with normal accounting and business practices. We reserve the right to make these adjustments, even though they may have effect of increasing or decreasing your future commissions or bonuses.

- **DISPUTES OR QUESTIONS**

Although the Dealership hopes that employment disputes with its employees will not occur, the Dealership believes that when these disputes do arise, it is in the mutual interest of all concerned to handle them promptly and with a minimum of disturbance to the operations of the Dealership and the lives of its employees. Accordingly, to provide for more expeditious resolution of certain employment-related disputes that may arise between the Dealership and its employees, The Dealership has instituted a mandatory mediation and arbitration procedure for all employees Under the Procedure, certain disputes that may arise from your employment with Dealership or the termination of your employment must (after appropriate attempts to resolve your dispute internally through Dealerships management channels) be submitted for resolution by non-binding mediation and, if necessary, mandatory arbitration. In agreeing to submit certain employment disputes for resolution by private mediation and (if necessary) arbitration, you acknowledge that this Agreement is given in exchange for rights to which you are not otherwise entitled--namely, your employment/ continued as an employee at the Dealership and the more expeditious resolution of employment disputes. In exchange for your agreement to submit these disputes to mediation and (if necessary) binding arbitration, the Dealership likewise agrees to the use of mediation and arbitration as the exclusive forum for resolving employment disputes covered by this Agreement. Hence, the parties shall be precluded from bringing or raising in court or another forum any dispute that was or could have been brought or raised under the procedures set forth in this Agreement. As part of this pay plan you must also sign the Dealership's arbitration agreement which is attached.

- **SEVERABLITY**

If any part of this agreement is declared unenforceable or invalid, the remainder will continue to be valid and enforceable.

- **SUPERCEDES ALL PRIOR AGREEMENTS**

This Agreement supercedes any prior understandings and agreements regarding compensation. It shall remain in effect until superseded by a subsequent written agreement, signed by both the Salesperson and the Company.

**ACKNOWLEDGMENT OF RECEIPT OF LEASE RETURN MANAGER PAY PLAN**

We do reserve the right to change this Pay Plan from time to time as business conditions dictate. We also reserve the right to make adjustments to your commissions for charge backs or previous overpayments. Finally, this pay plan is not intended to be an "employment contract" or a contract for any particular terms.

By signing below, you are acknowledging that you have read and agree to the terms of the foregoing description of the current Lease Return Department Compensation Program.

_____
Cely Castillo, Lease Return Manager

_____
Adam Rosatti, General Manager

  

**Arbitration Agreement**

In consideration of my employment with **Plaza Motors of Brooklyn, Inc** ("Employer"), its promise to arbitrate all employment-related disputes and my receipt of the compensation, pay raises and other benefits paid to me by the Employer, at present and in the future, I agree that any and all controversies, claims, or disputes with anyone (including the Employer and any employee, agent of the Employer in their capacity as such or otherwise) arising out of, relating to, or resulting from my assignment and or employment with the Employer or the termination of my assignment or employment with the Employer, including any breach of this agreement, shall be subject to binding arbitration under the Federal Arbitration Act and pursuant to New York law. Disputes which I agree to arbitrate, and thereby agree to waive any right to a trial by jury, include any statutory claims under state or federal law, including, but not limited to, claims arising under Title VII of the Civil Rights Acts of 1866, 1871, 1964 and 1992; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act; the National Labor Relations Act, as amended; the Americans with Disability Act of 1990; the Age Discrimination in Employment Act, as amended; the Worker Adjustment and Retraining Notification Act; the Pregnancy Discrimination Act; Fair Labor Standards Act, as amended, Family Medical Leave Act, the New York State Human Rights Law, New York State Executive Law, the New York City Administrative Code and any other Federal, State and local statutes including but not limited labor and wage statutes, regulations, decisional law and ordinances and all human rights, fair employment, contract and tort laws. I further understand that this agreement to arbitrate also applies to any disputes that the Employer may have with me.

I agree that any controversy, claim, or dispute arising out of or relating to my employment and/or cessation of employment shall be settled exclusively by binding arbitration administered. Any arbitration will be administered by ADR Systems of America, L.L.C. ("ADR"). A neutral arbitrator will be selected in a manner consistent with ADR's rules and procedures for the resolution of the dispute. I agree that the arbitrator shall have the power to decide any motions brought by any party to the arbitration, including motions for summary judgment and/or adjudication and motions to dismiss and demurrers, prior to any arbitration hearing. I also agree that the arbitrator shall have the power to award any remedies, including attorneys' fees and costs, available under applicable law. I understand the Employer will pay for any administrative or hearing fees charged by the arbitrator or ADR except that I shall pay the first $500.00 of any filing fees associated with any arbitration I initiate. I agree that the arbitrator shall administer and conduct any arbitration in a manner consistent ADR's procedures and the applicable rules of civil procedure, and that to the extent that the ADR's rules and procedures shall take precedence. I agree that the decision of the arbitrator shall be in writing.

This Agreement shall explicitly exclude the requirement to arbitrate any claims by the Employer for injunctive relief, which may be brought in a court of competent jurisdiction.

Furthermore, I agree that any controversy, claim, or dispute covered by this Agreement will be arbitrated on an individual basis. No controversy, claim, or dispute between an employee and Employer may be consolidated or joined with a dispute between any other employee and Employer nor may an individual employee seek to bring his/her dispute on behalf of other employees as a class or collective action. Except as provided by this Agreement, arbitration shall be the sole, exclusive and final remedy for any dispute between the Employer and me.

I agree to file any dispute or claim for loss, damages or liability for arbitration within six (6) months from the date of the event that resulted in the loss, injury, damage or liability or the shortest duration permitted under applicable law and without regard to any other limitations period set forth by law or statute.

Accordingly, except as provided for by this Agreement, neither the Employer nor I will be permitted to pursue court action regarding claims that are subject to arbitration. Notwithstanding, the arbitrator will not have the authority to disregard or refuse to enforce this Agreement, and the arbitrator shall not order or require the Employer to adopt a policy not otherwise required by law which the Employer has not adopted.

I also understand that I have a right to consult with a person of my choosing, including an attorney, before signing this document. I agree to waive my voluntarily and knowingly, and free from any duress or coercion whatsoever to a trial by a trail judge or jury as well as my right to participate in a class or collective action.

_____     _Cely Costillo_____     _12/31/19_____
(Employee Signature)                    Print Name                              Date

Page 3|3